IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE BRANSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4078 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                April 1, 2009

       Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 5) and defendant's response and the reply thereto (Doc. Nos. 6 & 7), the court makes the following findings and conclusions:

       1.    On July 3, 1997, Janice Branson ("Branson"), filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of August 5, 1992. (Tr. 201; 206-08; 377). Ultimately, the state agency determined that Branson was disabled after finding that she met the now-deleted obesity listing, 9.09A, but only as of February 28, 1997, and not prior thereto. (Tr. 115-16; 133-134). Thus, the relevant period at issue is from August 5, 1992 to February 28, 1997. (Tr. 381 ¶ 3).[1] Branson did not agree as to the onset date and filed a timely request for a hearing. (Tr. 135; 137). Subsequently, Branson withdrew her request for a hearing and, on October 29, 1999, the ALJ entered an order of dismissal. (Tr. 148; 152-57). After her case was dismissed, Branson appealed to the district court where the parties agreed to a remand. (Tr. 170-76). On remand, the ALJ held two hearings on March 18, 2002 and May 28, 2002 and issued an unfavorable decision on June 18, 2002. (Tr. 17-25; 46-80; 81-106). Branson again appealed to the district court. On December 29, 2005, I remanded the case in order for the ALJ to evaluate Branson under listing 9.09A, after finding that S.S.R. 00-3p, which replaced listing 9.09A, was not retroactive in nature. (Tr. 407-10). On remand, the ALJ did not hold another hearing because he and Branson's attorney agreed that no further evidence or testimony was necessary. (Tr. 398). On June 30, 2006, the ALJ entered an unfavorable decision finding that, *inter alia*, Branson did not meet or equal listing 9.09A. (Tr. 377-97). After the Appeals Council declined to review the case, pursuant to 42 U.S.C. § 405(g), Branson filed her action in this court on August 21, 2008. (Tr. 368-71).

       2.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is

---

     [1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

3. Only one question remains in this case: whether Branson equaled listing 9.09A before February 28, 1997.[2] Branson contends, *inter alia*, that the ALJ erred by basing his conclusion that she did not equal the listing on the testimony of Dr. Askin, a medical examiner ("ME"), who was specifically told by the ALJ not to consider listing 9.09A. I agree with Branson. The ALJ erred in relying on the ME's testimony when concluding that Branson did not equal listing 9.09A. Thus, the ALJ's conclusion was not supported by substantial evidence and a remand is necessary in order to reassess whether Branson equaled listing 9.09A during the relevant time period.

In concluding that Branson did not equal listing 9.09A, the ALJ relied on the testimony of Dr. Askin from the May 28, 2002 hearing. Specifically, the ALJ stated the following in support of his conclusion:

> The undersigned asked Dr. Askin whether, in his opinion, "looking at the cold paper," the claimant's impairments equaled any Listing 1.04 [dealing with spinal disorders] "or any other Listing" between August 5, 1992, and February 29, 1997. (TR 86). For clarification, the undersigned asked Dr. Askin:
>
> "So let me get this clear. In your opinion between the period of August of 1992, and February of 1997, she does not meet 1.04."
>
> Dr. Askin's response was:
>
> "Correct."
>
> The undersigned further inquired: "Would she equal 1.04?" and "Or any other Listing??(sic)
>
> Dr. Askin's response (TR [87]) was:

---

[2] Because the record does not contain any medically acceptable imaging techniques showing arthritis within the relevant time frame, Branson cannot meet listing 9.09A (which requires, *inter alia*, a specified weight and such techniques) prior to February 28, 1997. The imaging technique that was ultimately used to establish Branson's disability was a February 12, 1998 x-ray showing some osteoarthritis in her knee. (Tr. 311-12). I find that the ALJ's conclusion that, due to the minimal findings of osteoarthritis shown in the February 12, 1998 x-ray, there was no reasonable basis for concluding that Branson had arthritis in her knee prior to February 28, 1997, is supported by substantial evidence. (Tr. 311-12; 389 ¶¶ 4-5). Thus, in order to be found disabled during the relevant time period, Branson must establish that she equaled listing 9.09A.

2

"From just the cold paper thing, no, she's not."

(Tr. 390 ¶ 2 - 391 ¶ 2).  The ALJ then concluded that "The most reasonable conclusion to be drawn from these responses by Dr. Askin is that, based on the objective medical evidence of record, per 20 CFR 404.1525 and 404.1526 as reviewed above, the claimant's impairments, including her obesity, **did not equal in severity any Listings, including 1.04A-C or 9.09A, in the period August 5, 1992, to February 28, 1997**."  (390 ¶ 2 - 391 ¶ 2) (emphasis original).

However, by reviewing a little more of the testimony found on the two relevant pages of the transcript, it is apparent that the ALJ's use of Dr. Askin's testimony to support his conclusion was not reasonable.  The transcript reveals the following:

ALJ:   "Both 105(c) and nine– the obesity listing are gone for all time.  You can't even apply it back when it would have applied."

ME:   "Okay."

ALJ:   "So let me get this clear.  In your opinion, between the period of August of 1992, and February of 1997, she does not meet 1.04."

ME:   "Correct."

ALJ:   "Would she equal 1.04?"

ME:   "Well, that gets into the – because –"

ALJ:   "Or any other listing?"

. . . .

ALJ:   "But the question is, again, looking at the cold, hard paper here, do you have an opinion as to whether during that period of August of '92 to February of '97, her condition equals any division of 1.04?"

ME:   "Well, again, it gets to where – I mean, I didn't hear her testimony.  I think it's to whether you would consider that her pain was of such degree that, you know, because of the obesity.  From just the cold paper thing, no, she's not."

(Tr. 86-87).  The testimony shows that just before asking whether Branson met or equaled a listing, the ALJ reminded the ME that, *inter alia*, 9.09A was "gone for all time."  Common sense would dictate that the ME therefore did not consider whether Branson equaled 9.09A.  Moreover, the testimony shows that, unlike the ALJ's representation of the testimony, the ME did not answer the question of whether Branson equaled "any other listing."  The ME actually responded "From just

the cold paper thing, no, she's not" to the ALJ's question of whether Branson's "condition equal[ed] **any division of 1.04."** (Tr. 87) (emphasis added). A few pages forward in the transcript, Dr. Askin also stated "But I'm saying, as a medical person . . . does the person meet or equal the listing over some period of time, and in the record provided to me, **apart from the obesity listing, she does not. And the obesity listing is** (sic) **no longer exists.**" (Tr. 95) (emphasis added).

I find from a review of the above quoted testimony that the ALJ did not act reasonably in relying on Dr. Askin's testimony to conclude that Branson did not equal listing 9.09A, as Dr. Askin's testimony does not support such a position. Therefore, the ALJ's conclusion is not supported by substantial evidence and this case must be remanded for a further assessment of whether Branson equaled listing 9.09A during the relevant time period. On remand, I trust that defendant will properly assign the case to an ALJ pursuant to HALLEX I-2-1-55 (regarding the correct internal procedure for assigning cases which have been remanded multiple times) so that the ALJ may determine whether Branson equaled listing 9.09A.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANICE BRANSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4078 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 1st day of April, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 5), defendant's response, and the reply thereto (Doc. Nos. 6 & 7), and having found after careful and independent consideration of the record that the Commissioner's determination was not legally sufficient or supported by substantial evidence, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.